## MILLER LUMBER CO. v. WILSON.

### Opinion delivered June 18, 1892.

1. *Estoppel—Admission.*

   An admission will not estop the person making it from showing the truth where it is not shown that the person setting up the estoppel knew of the admission or relied upon it.

2. *Mechanic's lien—Authority of tenant.*

   One who is in possession and control of land has no authority, without the knowledge or consent of the owner, to contract for the erection of a building thereon and thereby create a mechanic's lien.

Appeal from Miller Circuit Court.

CHARLES E. MITCHEL, Judge.

*L. A. Byrne* for appellant.

Frunk had no interest in the land, and had no authority to charge it with a mechanic's lien. 25 Ark. 490; Mansf. Dig. secs. 4406–7. It was error to give the last clause of the second instruction.

HUGHES, J. The appellee sought to enforce a mechanic's lien upon buildings which he had erected upon land owned at the time of their erection by W. L. Whittaker, who sold the lands afterwards to Jones, Law & McKee, who sold the same to the appellant.

The contracts for the erection of the buildings were made with one Frunk, who was at the time erecting a saw mill upon the land, and was supposed to be the owner of. it. There is no evidence that Frunk owned any interest whatever in the land, or that Whittaker, the owner, knew of the contracts for the buildings or the fact that they were being, or had been, erected till after they were erected. Some evidence was introduced on the trial to show that Whittaker had stated in the presence of a witness that he had sold the land to Frunk, but there was no evidence that it was known to Wilson, the appellee, that Whittaker had ever said this, or that this statement of Whittaker influenced Wilson to believe that Frunk owned the land, or that he gave credit to Frunk on the faith of the statement.

At the plaintiff's request, over the objection of the appellant, the court gave instructions two and three, which are as follows :

"2d. If you find from the evidence that, at the time plaintiff did the work and labor sued for herein, the defendant Augustus Frunk was and has been for some time in possession of the lands built upon as the owner or proprietor thereof, and that W. L. Whittaker, from whom defendant purchased, stated that he had sold said land to defendant Frunk, then is W. L. Whittaker estopped from denying ownership in defendant, so far as the lien in this case is concerned.

"3d. If you find that Augustus Frunk was lawfully in possession of the land in controversy in this suit and upon which the buildings were erected, and that he was exercising control of the same, and that while Frunk was in possession he contracted with Wilson for the work for which this suit is brought, then is Frunk the proprietor of said land, within the meaning of the statute giving liens to mechanics and material used in this State."

**1. Estoppel by admission.**　The appellant saved proper exceptions to the giving of these instructions. The giving of these instructions was error. How could Wilson claim the benefit of an estoppel by reason of a statement that Whittaker made to the effect that he had sold the land to Frunk, unless Wilson knew that the statement had been made by Whittaker and had relied upon it? There is no evidence that this was so.

**2. Authority of tenant to create mechanic's lien.**　The third instruction assumes that one in lawful possession and control of land is authorized to contract for the erection of buildings upon it. This, as stated, without more, is certainly not the law. In the case, *Rudd* v. *Peters*, 41 Ark. 184, the court said, it does not "follow because one is a trustee, or agent to hold and control property, he is authorized to bind the owner with contracts which may become liens upon it. Such powers must be express, or must be shown to arise within the scope of the agency. An overseer, for instance, is an agent to control a plantation, but he could not bind the real estate by contract, or even its crops, without more authority than arises from his agency."

The judgment is reversed, and the cause remanded for a new trial.